## 10955

### HILTON v. NEW JERSEY INS. CO.
### (112 S. E. 825)

1. CONTINUANCE—IN ACTION ON FIRE POLICY REFUSAL TO WITHDRAW CASE UNTIL DAMAGED AUTOMOBILE COULD BE INSPECTED BY JURY NOT ABUSE OF DISCRETION.—In an action on a fire policy covering an automobile that was burned, where during the progress of the trial a heavy rain rendered the road impassable, the Court's refusal to withdraw the case from the jury until the automobile could be brought in for the jury to inspect was not an abuse of its discretion.

2. APPEAL AND ERROR—SUPREME COURT HELD NOT AUTHORIZED TO DETERMINE WEIGHT OF EVIDENCE.—The Supreme Court has no jurisdiction to determine the weight of evidence in a law case.

Before MOORE, J., York, July, 1921. Affirmed.

Action by P. B. Hilton against New Jersey Insurance Company. Judgment for plaintiff and defendant appeals.

*Messrs. Dunlap & Dunlap,* for appellant, cite: *What is abuse of discretion?:* 18 S. C., 315; 18 C. J., 1137; 82 S.

E., 816. *Whether auto was total loss was topic of expert testimony:* 233 S. W., 810; 171 N. Y. Supp., 218.

*Mr. J. Harry Foster,* for respondent.

July 5, 1922.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action on an insurance policy that covered an automobile that was burned. During the progress of the trial there was a very heavy rain that rendered the road impassable for the heavy truck on which the automobile was being brought to the place of trial. The defendant moved that the case be withdrawn from the jury so as to allow the defendant to have the automobile brought for the inspection of the jury, or to allow a committee of the jury to be carried to inspect the automobile. The trial Judge refused the motion on the ground that the defendant could prove the condition of the automobile by witnesses. The defendant denied that the automobile was a total loss.

I. The first assignment of error is that his Honor erred in refusing the motion. The granting or refusal of the motion was within the discretion of the trial Judge and we see no abuse of discretion.

II. The second assignment of error is "that the verdict was contradictory to the greater weight of the evidence." This Court has no jurisdiction to determine the weight of the evidence in a law case.

There was a motion for a new trial, based upon the above assignment of error, and it must be decided in the same way.

The judgment appealed from is affirmed.